UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-263(7) MJD

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. SAMUEL MURPHY, Defendant. | **MEMORANDUM IN SUPPORT OF MOTION FOR RESENTENCING PURSUANT TO 18 U.S.C. §3582(c)(2)** |

Samuel Murphy respectfully moves the Court to reduce his term of imprisonment from 168 to 87 months. Mr. Murphy has previously filed a pro se motion, memorandum, and affidavit which set forth his arguments for resentencing at 87 months. There is no question but that Mr. Murphy is eligible for resentencing and a sentencing reduction. Mr. Murphy is at least eligible for reduction in his sentence to 135 months, the bottom of his amended guideline range. However, as Mr. Murphy has articulated in his court filings, a sentence of 87 months would be appropriate in order to ameliorate the discriminatory and unfair disparity between sentences for powder cocaine and crack cocaine. Accordingly, he requests to be resentenced to 87 months.

**A. The Commission Speaks**

> [T]he problems associated with the 100-to-1 drug quantity ration are so urgent and compelling that this amendment is promulgated as an interim measure to alleviate some of those problems. . . . the Commission, however, views the amendment only as an interim solution to some of the

> problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to those problems.[1]
>
> ***
>
> The Commission believes that there is no justification for the current statutory penalty scheme for powder and crack cocaine offenses. The Commission remains committed however, to its recommendation in 2002 that any statutory ratio be no more than 20-to-1.[2]

**B. Amendment 706**

This Court may modify a defendant's term of imprisonment once it has been imposed when the United States Sentencing Commission makes an amendment to the Guidelines retroactive and the amended guideline was part of the basis of the defendant's guideline range.

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a

---

[1] Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary (May 1, 2007, available at http://www.ussc.gov/guidelin.htm).

[2] Statement of Ricardo H. Hinojosa, Chair, United States Sentencing Commission, Before the Senate Judiciary Committee Subcommittee on Crime and Drugs, February 12, 2008, available at http://www.ussc.gov/testimony/Hinososa_Testimony_021208.pdf

reduction is consistent with applicable policy statements issued by the Sentencing Commission.[3]

On November 1, 2007, Amendment 706 altered the drug quantity table set forth in USSG § 2D1.1, lowering the base offense level for offenses involving "cocaine base" by two levels. On December 7, 2007, the Sentencing Commission approved making Amendment 706 retroactive by listing it in USSG § 1B1.10(c)'s list of retroactive amendment with an effective date of March 3, 2008. Because Amendment 706 has been made retroactive and the defendant's sentence was based on the pre-Amendment 706 drug quantity table, 18 U.S.C. § 3582(c) allows this Court to review and reduce, as warranted by the factors set forth in 18 U.S.C. 3553(a), the defendant's sentence.

In revisiting the defendant's sentence, the guidelines, their commentary, and the Commission's policy statements remain advisory.[4] When sentencing (or, as here, effectively re-sentencing) a defendant, this Court "*may not presume that the Guideline range is reasonable*."[5] Rather, the Court must treat the Guidelines "as one factor among several" that 18 U.S.C. § 3553(a) mandates it consider,[6] albeit the "initial" one that it should use as a "starting point."[7] Once this Court correctly calculates the sentence that

---

[3] 18 U.S.C. § 3582(c)(2)

[4] See, *United States v. Booker*, 543 U.S. 220, 245 (2005)

[5] *Gall v. United States*, 128 Sct. 586, 596-97 (2007)(emphasis added)

[6] *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007)

[7] *Gall*, 128 S.Ct. at 596

the Guidelines recommend, the Court must then "make an individualized assessment," considering the remaining factors set forth in § 3553(a).[8] Because the Guidelines merely reflect a view "rough[ly] approximat[ing] . . . sentences that *might* achieve § 3553(a)'s objectives," *Booker* and § 3553(a) require this Court to tailor an individualized sentence that actually *does* achieve § 3553(a)'s objective in the case before it. Consequently, this Court must "filter the Guidelines' general advice through § 3553(a)'s list of factors."[9]

When the Guidelines' "rough approximation" conflicts with this Court's view of the sentence warranted by other § 3553(a) factors, this Court may disregard the sentence recommended Guideline sentence in favor of one tailored to the circumstances of the particular defendant.[10]

This Court has discretion to find that the Guidelines' "rough approximation" of an appropriate sentence would result in a sentence "greater than necessary", because the Court has the discretion to disagree with the Sentencing Commission's policy judgments – *especially those animating the drug quantity table set forth in USSG § 2D1.1.*[11] This

---

[8] *Id*. at 597

[9] *Rita v. United States*, 127 S.Ct. 2456, 2463, 2465, 2469 (2007)(emphasis added); see also *Gall*, 128 S.Ct. at 598 ("[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)))

[10] *Rita*, 127 S.Ct. at 2463

[11] See, *Kimbrough*, 128 S.Ct. at 564 ("under *Booker*, the cocaine Guidelines, like all other Guidelines, are advisory only," hence, treating "the crack/powder disparity effectively mandatory" is in error).

Court, "may determine . . . that, in a particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing" the individual defendant, by "consider[ing] the disparity between the Guidelines' treatment of crack and powder cocaine offenses."[12]

**C. USSG § 1B1.10**

The Sentencing Commission's recent amendment of § 1B1.10, which went into effect on March 3, 2008, attempts to make the Guidelines mandatory in a § 3582(c)(2) proceeding and to preclude a district court from departing below the minimum of the re-calculated guideline range. Among other things, the new version of § 1B1.10 suggests that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." The provision provides that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."

Section 1B1.10 attempts to cut off the purposes of sentencing set forth in § 3553(a)(2). Rather than establish a sentencing policy that strives to permit individualized sentences, § 1B1.10 attempts to prohibit just such an act. The policy statement does not assure that the purposes of sentencing set forth in § 3553(a) are met.

[12] *Kimbrough*, 128 S.Ct. At 564 (citing, 18 U.S.C. § 3553(a))

As *Kimbrough* teaches, this Court may reject § 1B1.10 for precisely that reason.

**D. Samuel Murphy**

Samuel Murphy was originally sentenced to 168 months in prison. A two point reduction in his offense level to category 31 results in a new starting point in determining the appropriate sentence at 135-168 months. Assuming that the court were to resentence again at the bottom of the guideline range, the new sentence would be 135 months, a sentencing reduction of 33 months.

However, the Court is not confined to that limited reduction. *Booker*, *Rita*, *Gall*, and *Kimbrough* all make clear that the Guidelines are no longer mandatory in *any* context. The Commission "does not have the authority to amend [a] statute" that the Supreme Court has previously construed, so as to say or allow something that the Supreme Court's construction of the statute precludes.[13] The statute as construed by the courts controls if it conflicts with a provision of the Guidelines.[14] The Commission cannot effectively overrule or otherwise limit *Booker* by way of amending USSG § 1B1.10. Nor, for that matter, can the Commission overrule or limit judicial decisions such as *Gall, Kimbrough or Rita*. To the extent that USSG § 1B1.10(Mar. 2008) would render any provision, commentary or policy statement of the Guidelines binding and mandatory on this Court, then it must give way under *Booker* and its progeny.

---

[13] *Neal v. United States*, 516 U.S. 284, 290 (1996)

[14] *Id*. at 294

Mr. Murphy has addressed the court directly in his memorandum and affidavit concerning his rationale and personal circumstances warranting for a sentencing reduction beyond 135 months. He has made significant changes in his life, has matured while in prison, and he has a supportive family that desires reunification. The discriminatory and unfair sentences for crack cocaine offenders are not cured by limiting resentencing to a base two point reduction. In Mr. Murphy's case, a further reduction is warranted and he requests to be resentenced lower than 135 months.

Dated: May 28, 2008

Respectfully submitted,

***s/Douglas Olson***
DOUGLAS OLSON
Attorney No. 169067
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415