UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-263(7) (MJD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL MURPHY,<br><br>Defendant. | RESPONSE OF THE UNITED STATES TO DEFENDANT MURPHY'S MOTION FOR RESENTENCING PURSUANT TO 18 U.S.C. § 3582(c)(2) |

Defendant Samuel Murphy seeks a sentence reduction based on the retroactive crack cocaine guideline amendment. On July 31, 2002, this Court sentenced him to 168 months, based on a relevant conduct involving 300 grams of crack cocaine. The sentence included a 2-level enhancement for obstruction of justice based on Murphy's failure to appear for sentencing.

The United States has no objection to a 2-level sentence reduction, which is all that the guideline amendment allows. If granted, this would yield an amended guideline range of level 31/ category III = 135-168 months. The government does not oppose a new sentence of 135 months.

Murphy's request for an additional departure to 87 months under the authority of United States v. Booker, 543 U.S. 220 (2005), should be denied. Murphy has cited no case in which Booker has been held to apply retroactively to cases arising under 18 U.S.C. § 3582(c)(2). Numerous courts have held that Booker does not apply in the context of crack cocaine resentencings under

3582(c)(2). E.g., United States v. Robinson, 2008 WL 2039268, slip op. (E.D. Ark. May 12, 2008); United States v. Clark, 2008 WL 1913899, slip op. (M.D. Fla. April 28, 2008) (citing cases).

Even if section 3582(c)(2) permitted the Court to grant a reduction greater than two levels, which it does not, Murphy's requested additional departure should be denied in any event due to his poor record while incarcerated. According to the April 8, 2008, letter from the probation officer, Murphy has incurred several incident reports while incarcerated, including escape, possessing an unauthorized item (twice), lying or falsifying a statement, violating visiting regulations, and possessing intoxicants. In light of this lengthy record of misconduct, Murphy's claim in his affidavit that he is a changed man rings hollow.

For the foregoing reasons, the Court should resentence Murphy to 135 months and deny his request for an additional reduction.

Dated: June 4, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

*s/Jeffrey S. Paulsen*

BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID Number 144332