Memorandum Letter

RECEIVED BY MAIL
JUN 23 2008
CLERK US DIST COURT MINNEAPOLIS MN

Douglas Olson, Assistant Public Defender
Office of the Federal Public Defender
107 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

U.S.A. v. Samuel Murphy, Case No. 00-263(7)(MJD)

-------------------------------

Government's Response & Objection to Ratio Consideration for Purposes of Resentencing

Dear Attorney

I am in receipt of the Government's response opposing a ratio consideration and reduction not greater than 20:1 during the resentencing phase of my motion pursuant to § 3582(c)(2) as dictated.

I see the government does not oppose the two-level reduction, however, the government attempts to argue that I make such rightful claim pursuant to United States v. Booker. Review of my motion clearly shows that I seek such reduction[] during [resentencing] pursuant to Kimbrough v. United States; 18 U.S.C. ; 3553(a)(1)-(7). Section 3582(c)(2) warrants "during [re]sentencing that the Court may consider the factors set forth under that section. I am asking the "court during 'resentencing'" to consider § 3553(a)(2)(A) "**to promote respect** for the law, and to provide **just punishment** for the offense "crack cocaine", (B) "afford adequate deterrence to criminal conduct; and (a)(5) and (6) "to eliminate unwarrant disparity ..."

The Supreme Court of United States reasoned and concluded—

"[t]he Commission—or, after **Booker**, sentencing courts— to adhere to the 100-to-1 ratio for crack cocaine quantities other than those that trigger the statutory mandatory minimum sentences; is no longer required by the federal courts." Id.

The Government acknowledges that, "as a general matter," courts may vary [from **Guidelines**] based solely on policy considerations, including disagreements with the Guidelines. The Government contended that the Guidelines adopting the 100-to-1 ratio are an exception to the "general freedom that sentencing court have to apply the [§3553(a)]. This sentencing courts **also encompasses "resentencing courts."** The Supreme Court immediately stated that, "That is so, according the the Government[.].

SCANNED
JUN 23 2008
U.S. DISTRICT COURT ST. PAUL

Re: Government's Response
Your Reply/Defendant's
memoradnum Letter

The Government presented three arguments, all which the Supreme declined and found un-presuasive. The Court said, Neither of these argument persuade us to hold crack/powder ratio untouchble by sentencing court, and the "disparity remains an important goal "of sentencing" and uniformity. And finally, the Court said,

> "[M]oreover, to the extent that the Government correctly identities risks of "unwarranted sentences disparities" within the meaning of 18 U.S.C. § 3553(a)(6), the proper solution is not to treat the crack/powder ratio as **mandatory.** Section 3553(a)(6) directs **district courts** to consider the need to avoid unwarranted disparities—along with other § 3553(a) factors." See Gall, ante, at —, n6. —, 128 S.Ct. — 169 L.Ed.2d 445.

To answer the question of reasonableness, it would be greatly reasonable for the court to consider amongst the § 3553(a) factors other § 3553(a) factors which the ratio is imbedded within § 3553 (a) and reduce the defendant's sentence under the "ratio disparity" of not greater than 20:1 to promote respect for the law and to impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals advanced in § 3553(a)(2).

Sir, that brings the crack cocaine more inline with powder[] by reducing the ratio in this case and accordingly to the interests of justice and the public, as well as the Supreme Court's holding in Kimbrough. Its not abuse of discretion. Kimbrough, Id.

My prison record of the few misconduct were at the outset of the term. The system and its corrective actions has made its mark and my record has been clear since then. And, the claims raised by the Government seems to not fall squarely for support of a ratio reduction under the advisory scheme under current laws.

My conduct is not excellent, but neither is hollow. The court should strike prison conduct as a means of drug ratio deteminations. Thats not reasonable, and it does not justify a "sentence of the same drug 'cocaine' to a sentence 100 times more than other classes or races of people" either. Or does it?

Sincerely,

Samuel Murphy

P.S. Please file a reply to the Goverment's response. Thank you.

cc: Crt.Clk
SM/Gdw